UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Brenda Strohschein,

Plaintiff,

vs. ORDER

Physician Engineered Products, Inc.,
and George McAdams,

Defendant. Civ. No. 01-1984 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of June, 2002.

* * *

On June 10, 2002, this Court heard argument on the Defendants' informal Motion to compel the Plaintiff to execute certain authorizations for the release of information. At the time of the Hearing, the Plaintiff appeared by Kathryn M. Engdahl, Esq., and the Defendants appeared by Kerry L. Middleton. The purpose of this Order is to memorialize those rulings that we orally issued during the course of the Hearing.

The Defendants had requested that we compel the Plaintiff to execute four different authorizations, which would allow them to obtain the Plaintiff's employment records, tax returns, unemployment records, and academic records, directly from those agencies or organizations which hold those records. The Plaintiff raised a

FILED JUN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

general objection as to all of the categories, and contended that the use of authorizations was an intrusive method of discovery, which might generate material that was irrelevant to this action, and which was highly sensitive personal data. As well, the Plaintiff lodged more particularized objections to each category. For the reasons expressed at the Hearing, we granted the Defendant's Motion in part, and denied it in part.

As to the Plaintiff's employment records, the Defendant urged that the Plaintiff's entire employment history was discoverable, and argued that the length of her employment with other employers, as well as the circumstances under which she left that prior employment, are relevant to the issues presented in this action. In particular, the Defendants argued that such information is relevant to the Plaintiff's claimed damages, as it relates to her employability, and her duty to mitigate her damages. Further, they contend that the length of her employment with previous employers, and the circumstances surrounding her leaving that work, could be relevant to the Plaintiff's allegation of a constructive discharge from her employment with the Defendants.

We agree with the Defendants, that this information is discoverable, but we conclude that there should be a temporal limitation to this discovery, as we were not persuaded that the Plaintiff's entire employment history is relevant to these issues.

Thus, we directed the Plaintiff to execute authorizations directing her employers, for the five years prior to the start of her employment with the Defendant, and for the period after her employment with the Defendants ended, to release her employment records to the Defendants' attorneys.

On a related issue, the Defendants complained, in their letter brief of June 5, 2002, that the Plaintiff had not fully answered Interrogatory No. 10, which had asked the Plaintiff to identify her past employers. In her reply, the Plaintiff asserted that the Defendants had not previously raised any objection to her response to that Interrogatory, and pointed out that the Court's "meet and confer" requirements had not been honored. The Defendants countered that the issue was intertwined with their request for authorizations for employment records for, without a complete response to that Interrogatory, they would not know to whom they should send the executed authorizations. We agree with the Plaintiff, that the parties should "meet and confer" on this issue, and we expressed our expectation that, given our ruling on the execution of authorizations for the release of employment records, the parties should reach an accord as to the Plaintiff's need to supplement her Interrogatory response.

The Defendants also sought to compel the Plaintiff to sign an authorization which would allow them to obtain records of claims

made by the Plaintiff for unemployment benefits. The Plaintiff had responded to the Defendants' Interrogatory, on the same issue, by denying that she had applied for such benefits during the period after she was employed by the Defendant. The Defendants urged that they should not be made to rely upon the Plaintiff's assertions, but should be able to attempt to directly discover whether she did, in fact, make an application for unemployment benefits. While we questioned whether or not, in our Circuit, the fact of a claim of unemployment benefits would be relevant to the issue of damages, we agreed with the Defendant that it should be permitted to directly discover such information. However, we concluded, once again, that a temporal limit on the authorization was necessary, and instructed the parties to craft an authorization which would allow for the release of information concerning any application for unemployment benefits, which had been made by the Plaintiff after her employment with the Defendants, and prior to her subsequent employment, finding that, as to any other time period, the records would not be discoverable.

Next, the Defendants sought an authorization which would allow them to discover her tax returns. The Plaintiff had offered to produce copies of the pertinent tax returns, but the Defendants, again, argued that they should not be required to rely on her production of such documents, but should, instead, be able to obtain

production of the tax returns she had filed with both the State and Federal governments, from those entities directly. At the time of the Hearing, the Defendants stated that they were willing to withdraw that request if, in return, the Plaintiff agreed to produce copies of her last four State and Federal tax returns, and if the Defendants would not be foreclosed from reasserting their request for this authorization, in the event that their review of these documents suggested that the Plaintiff's production was incomplete. We agreed, and instructed the Plaintiff to make such a disclosure. If necessary, this Court will consider a renewed Motion by the Defendant to compel the Plaintiff to execute an authorization for the release of tax return information.

Next, the Defendants requested that the Plaintiff execute authorizations which would allow them access to her academic records. Again, the Defendants suggested that this information would be relevant to the Plaintiff's employability, and her ability to mitigate her damages. The Defendants argued that they have the right to retain a vocational expert, who might rely on the Plaintiff's academic records in forming his or her opinion. The Plaintiff had asserted, in her Interrogatory responses, that she did not complete high school, and she urged that her primary and secondary school records were not relevant to her employability and mitigation efforts, since her schooling ended nearly twenty years ago.

The Defendants have failed to convince us that any such records should be discoverable, as they were unlikely to be relevant, or to lead to admissible evidence, and were likely to contain highly private information that the Plaintiff would not want disclosed to anyone. Therefore, we denied the Defendants' request to compel the Plaintiff to execute an authorization for her academic records.

Lastly, during the course of the Hearing, the Defendants related that they would be willing to be subject to a Protective Order, such that the Plaintiff's private information would be sheltered from disclosure beyond what was necessary in this litigation. Given the personal nature of the claims involved in this case, and of the material being discovered, we agreed with the parties that good cause existed for the execution of such an Order. We informed the parties that, in the first instance, we would leave it to them to craft a Protective Order that would accomplish the level of protection that they felt was needed in this action.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' informal Motion to Compel is GRANTED to the extent detailed in the text of this Order.

BY THE COURT:

Raymond L Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE