UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
SIXTH DIVISION

Brenda Strohschein,

Plaintiff,

v.

Physician Engineered Products, Inc., and George McAdams,

Defendants.

File No.: 01-CV-1984 (RHK/RLE)

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

The parties to the above-captioned cause, by and through counsel of record, hereby stipulate and agree as follows:

1. This Stipulation and any Order of the court adopting same shall govern the production, use and disclosure of documents, records, testimony and information produced or disclosed by the parties in connection with this litigation.

2. For the purposes of this Stipulation/Order, the term "documents" shall be defined in accordance with Rule 34 of Federal Rules of Civil Procedure.

3. All documents and records designated as confidential by any party to this litigation and shall be used only for the limited purpose of preparing and conducting this litigation. All records obtained by any party pursuant to a written authorization provided by any other party in connection with this litigation shall be subject to this Stipulation/Order and considered confidential hereunder. Information conveyed or discussed in testimony during a deposition or court proceeding shall be subject to this Stipulation/Order and considered confidential hereunder if designated as confidential on the record or in writing either at the time the testimony is given or within 15 days after receipt by

(11) (12)

FILED JUL 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the designating party of the portion of the transcript containing the testimony or information designated as confidential. Any party shall have the right to exclude from attendance at a deposition or court proceeding any person who is not entitled to receive such information or documents under the terms of this Stipulation/Order during such time as any confidential information or documents are disclosed or discussed.

4. Any party may object to another party's designation of any document, record, testimony or information as confidential within 15 days of receiving notice of such designation. The parties shall first make a good faith effort to resolve such dispute without court intervention. If the dispute cannot be resolved, the party objecting to the designation may seek redress from the court. In that event, the party making the confidential designation shall bear the burden of establishing that such designation is appropriate. While any motion regarding such designation is pending, the document, record, testimony or information in dispute shall be treated as confidential.

5. The parties and their representatives shall not use any documents, records, testimony or information produced or disclosed during the course of this litigation: (1) for any competitive purpose or advantage; (2) to cause detriment to any other party or employee or former employee of any party; (3) to harass, embarrass or annoy any party or other person; or (4) for any other purpose not related to this litigation.

6. This Stipulation/Order shall be without prejudice to the rights of any other party to apply to the court, at any time, for relief from any requirement hereof. After final disposition of the above-captioned matter by judgment, settlement or otherwise, the court shall retain jurisdiction over the parties for the purpose of ensuring continued compliance with this Stipulation/Order and granting such amendments to, and modifications of, this Stipulation/Order and such other and further relief as

may be necessary, and any party may apply to the court at any time for an amendment to, or modification of, this Stipulation/Order.

7. Confidential documents, records, testimony and information disclosed and exchanged by the parties during the course of this litigation shall not be disclosed to any third party, except as may be necessary for a legitimate purpose related to preparing or conducting this litigation. Any such third parties must be advised of the existence of and agree to comply with this Stipulation/Order.

8. At the conclusion of this litigation, all confidential documents, records and information, including copies thereof, and all outlines, abstracts, summaries, memoranda and compilations, constituting, embodying or disclosing confidential information, disclosed or exchanged by the parties during the course of this litigation shall be promptly destroyed or returned to the producing party's counsel of record. Counsel for the parties may retain copies for their files.

Dated: 7/15/02

Donald Chance Mark, Jr. (#67659)
Kerry L. Middleton (#26622X)
**FAFINSKI MARK & JOHNSON, P.A.**
6600 City West Parkway, Suite 300
Eden Prairie, MN 55344
(952) 995-9500
***Attorneys for Defendants***

Dated: 7/11/02

Kathryn M. Engdahl (#163995)
**METCALF, KASPARI, HOWARD, ENGDAHL & LAZARUS, P.A.**
333 Parkdale Plaza, 1660 S. Highway 100
Minneapolis, MN 55416-1531
(952) 591-9444
***Attorneys for Plaintiff***

**PROTECTIVE ORDER**

**IT IS HEREBY ORDERED** that the parties' foregoing Stipulation of Confidentiality filed herewith is adopted as this court's order for the protection of confidential information in the above-captioned cause.

Dated: July 19, 2002

Raymond L. Erickson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.